WILLIAM T. JENNEY v. PATRICK POTTS.

*Ejectment—Comp. L.. § 6232—Deed after commencement of suit.*

Where a plaintiff in ejectment shows a *prima facie* title to the premises in fee simple at the beginning of suit, the provision in Comp. L., § 6232, that if his title expired after commencement of suit but before trial, he should recover damages for the withholding of the premises only, does not apply to cases in which the plaintiff himself has sold the property.

A deed from the plaintiff in ejectment to the defendant's wife conveying the disputed premises after the commencement of suit, is not admissible in evidence for the defense without a special notice in the nature of a plea *puis darrein continuance.*

Error to Sanilac. Submitted April 23. Decided June 4.

EJECTMENT. Plaintiff brings error.

*Wm. T. Mitchell* for plaintiff in error. A sale by plaintiff in ejectment pending action does not bar his suit, *Jackson v. Jeffries* 1 A. K. Marsh. (Ky.), 88; *May v. Depuy,* 1 A. K. Marsh., 166; *Blight v. Atwell,* 7 T. B. Monr. (Ky.), 264; *Dawson's Lessee v. Porter,* 2 Ohio, 304;

*McChesney's Lessee v. Wainwright*, 5 Ohio, 452; see Comp. L., §§ 6206, 6226, 6237; matters of defense arising after joining issue must be brought in by plea of last continuance, *Jackson v. Rich*, 7 Johns., 194.

MARSTON, J.  Jenny brought ejectment to recover the possession of certain lands.  To defeat the plaintiff the defendant, among other things, offered and the same was received in evidence a deed of the premises from the plaintiff to his wife, which deed was dated and executed after the commencement of the action in this case.  The court being of opinion that such conveyance operated as a bar, rendered judgment in favor of the defendant.  Under the pleadings, in the conclusion arrived at and judgment rendered, we are of opinion the court erred.

The plaintiff claiming, and having shown *prima facie* a title in fee simple to the premises at the time of the commencement of the action, Comp. L., § 6232 had no application to such a case.

Aside however from the main question as to the effect of such a conveyance, a preliminary question is raised and insisted upon by counsel, whether such deed was admissible in evidence under the pleadings.  It is insisted that a special notice in the nature of a plea *puis darrein* should have been given.

This objection is well taken.  If such conveyance furnished any ground of defense, it was one made and arising after issue joined, and was in no way connected with the case by plea or notice, thus coming clearly within the ruling in *Buell v. Irwin*, 24 Mich., 149.

As this case was not argued and no brief was furnished on behalf of the defendant, we prefer not to pass upon the other question at present.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.