JOHN HURD v. ALFRED B. RAYMOND, ELIZA A. RAYMOND AND LEVI D. VAN VELSOR.

*Tax sales—Certificate of assessment—Change in title pending proceedings in ejectment—Plea puis' darrein.*

A tax-sale is fatally defective if based on a supervisor's certificate that he had "estimated the property at what he believed to be the cash value thereof, *as is customary by assessors.*"

Tax-deeds issued to defendant in ejectment after the joinder of issue, if admissible at all in defence to the action, cannot be introduced without something on the record in the nature of a plea puis darrein continuance.

The general rule that judgment in ejectment is determined by the state of the title at the beginning of suit, is modified by Comp. L. § 6232 which makes the expiration of plaintiff's title, pending suit and before trial, operate in partial abatement of the action.

Error to Barry. (Hooker, J.) April 12.—April 18

EJECTMENT. Defendants bring error. Affirmed.

*Silas Stafford* for appellant, Alfred B. Raymond.

*Knappen & Van Arman* for appellee.

GRAVES, C. J.   This is an action of ejectment for five city lots in Hastings.   The plaintiff derived title by purchase under the foreclosure decree made in the case of *Johnson v. Van Velsor* 43 Mich. 208.   Mrs. Van Velsor has since intermarried with defendant Alfred, and this suit is prosecuted to get possession in virtue of Hurd's purchase under said decree.   The circuit judge directed a verdict for the plaintiff, and the only inquiry now is whether certain rulings against titles offered by defendants are open to exception.

The suit was commenced in December, 1880.   The defendants relied on a deed made by the Auditor General in March, 1878, for the taxes of 1873, to David G. Robinson, who quitclaimed to defendant Alfred, June 14, 1880.   The plaintiff proceeded to impeach this grant, and he produced for that purpose the original assessment roll, with the supervisor's certificate attached.   The certificate reads as follows:

" I do hereby certify that I have set down in the above assessment roll all the real estate in the First and Fourth wards of the city of Hastings, liable to be taxed, according to my best information, and that I have estimated the same at what I believe to be the cash value thereof, *as is customary by assessors*, and not at the price it would sell for at a forced or auction sale ; that the within assessment roll contains a true statement of the aggregate value of the taxable personal estate of each and every person named in said roll ; and that I have estimated the same at the true cash value as aforesaid, according to my best information and belief."

This proceeding is fatally defective.   In referring to what is customary by assessors a criterion is adopted which the law does not recognize.   Were it admitted a way would be opened for very gross evasions, and valuations would be made according to the whim or caprice of assessing officers, and the guide fixed by the Legislature would be practically subverted.   The mere adoption of a faulty course would of itself constitute a warrant, and convert usurpation into authority.   *Clark v. Crane* 5 Mich. 151 ; *Hogelskamp v. Weeks* 37 Mich. 426 ; *Silsbee v. Stockle* 44 Mich. 562 ;

*Dickison v. Reynolds* 48 Mich. 158; *Van Rensselaer v. Witbeck* 7 N. Y. 517.

The other questions connected with this title become immaterial.

The defendants further relied on several tax deeds issued by the Auditor General subsequent to the joining of issue. They were offered to show—*first*, a title in the defendant Alfred; and *second*, to disprove title in the plaintiff. No notice on the record had been given by plea or otherwise of this title. The court excluded it on that ground.

The general rule is that the controversy depends on the state of the title at the beginning of the suit, and that changes occurring during its progress, however important as incidents, do not determine the result. *Snyder v. Hemmingway* 47 Mich. 549; *Hemmingway v. Drew* id. 554. But this is not universal; and among the exceptions we have an express one in the statute where the right or title of the plaintiff *expires* during the pendency of the action, and before trial. Comp. L. § 6232. There, however, the change does not operate in bar of the action. The only consequence is a partial abatement.

The defendants take the point in this Court that these deeds were admissible as showing an extinguishment of all other titles, including plaintiff's, during the action, and hence as showing that the plaintiff's right had *expired* within the sense and spirit of the statute just mentioned.

Whatever merit this question may possess, the case does not require it to be examined. It was not considered in the court below and is not gone into in the plaintiff's brief. The deeds were certainly not admissible on any theory as the case was situated. If we admit the present position taken by defendants to be sound, their introduction could not be permitted if objected to without something on the record in the nature of a plea puis darrein continuance. *Jenney v. Potts* 41 Mich. 52; *Buell v. Irwin* 24 Mich. 145, 149, and cases.

The result is that the judgment should be affirmed with

costs, and the cause remanded for such other proceedings as may be lawful.

The other Justices concurred.