## AMABLE SOUVAIS v. ALVAH E. LEAVITT ET AL.

*Correction of court record—Plea puis darrein.*

1. An entry of judgment in the journal of the court may properly be corrected by order of the judge if nobody has been misled by the error, and the party against whom the judgment was rendered knew what it actually was and took action accordingly.

2. In an action upon an appeal bond the satisfaction of the judgment after joinder of issue cannot be shown unless specially pleaded.

3. Questions of pleading, especially if they change an issue already formed, must ordinarily be settled in the trial court.

4. The discretion of a trial court in excluding a plea puis darrein will not be reviewed unless it has been abused; and where defendant, after learning the facts on which to base it, has delayed to file it for a long time and until after the case has come to trial and been submitted by the plaintiff, it is not clear that the discretion has been abused.

Error to the Superior Court of Detroit. (Chipman, J.) April 24.—April 30.

53 MICH—37

53 577
61 8
53 577
90 240

53 577
119 208

53 577
f153 605

Debt. Defendants bring error. · Affirmed.

*F. A. Baker* and *Henry M. Cheever* for appellants.

*Stewart & Galloway* for appellee.

Cooley, C. J. This action is brought upon a bond in the penal sum of seven thousand six hundred dollars, dated July 10, 1882, the condition of which was as follows:

" Whereas, judgment has been rendered in the Superior Court of Detroit, in favor of said Amable Souvais, against the said Alvah E. Leavitt, for three thousand seven hundred and sixty and 86-100 dollars, damages and costs, in which judgment and proceedings the said Alvah E. Leavitt complains that there is error in substance, and to be relieved therefrom, hath obtained a writ of error to remove the same to the Supreme Court, to the end that the error made therein may be corrected:

Now, therefore, the condition of this obligation is such, that if said Alvah E. Leavitt shall prosecute his said writ of error to effect, and shall pay and satisfy such judgment as shall be rendered against him upon the said writ of error, in said Supreme Court, then this obligation to be void, otherwise to remain in full force and virtue."

The declaration alleged the affirmance of the judgment in the Supreme Court. The defendants, who were Leavitt and his sureties in the bond, pleaded the general issue. Issue was joined June 30, 1883.

The case was brought to trial December 28, 1883, before a jury. When the plaintiff put in the record evidence of his judgment, it was found that the journal of the Superior Court for the day on which judgment was rendered had never been signed by the judge, and that in the entry of the judgment by some blunder of the clerk the sum stated was a much smaller sum than the sum for which judgment had been directed. The judge, against the objection of defendants, signed the journal nunc pro tunc, and directed that the entry of judgment should be corrected.

When the plaintiff had rested his case the defendants offered in evidence an instrument purporting to be signed by the

plaintiff, dated October 17, 1883, which recited said judgment, and acknowledged full payment and satisfaction thereof and of all costs in the Superior Court and the Supreme Court, in consideration of the sum of three thousand dollars, the receipt of which was acknowledged. Counsel for the plaintiff objected that the discharge, having been given since issue joined, was not admissible without being specially pleaded, and the court sustained the objection.

Defendants then asked leave to plead the discharge puis darrein continuance. This was objected to on the part of the plaintiff, who claimed that the paper was obtained from him by fraud. The court declined to permit the plea to be filed, and the plaintiff took a verdict for the amount of the judgment and interest. The plaintiff then, admitting that he had received three thousand dollars from the defendants, entered a remittitur to that amount, with interest from the time he received it. Defendants bring error.

The right of the judge to order the errors in the records of his court to be corrected is undoubted. Nobody had been misled by them. The defendants knew that judgment had been ordered, and they took action which assumed that it was in due form of law. They also understood what the amount was, and recited it correctly in the bond they gave. It was a matter of course to correct the record under such circumstances. *Emery v. Whitwell* 6 Mich. 474.

Nor did the judge err in holding that the alleged discharge was not admissible under the issue. *Buell v. Irwin* 24 Mich. 145, 149; *Jenney v. Potts* 41 Mich. 52. The case of *Kimball v. Wilson* 3 N. H. 96, which is cited for the defendants, was a case in which the discharge was obtained before plea, and therefore has no application to this case. *Haven v. Beidler Manuf. Co.* 40 Mich. 286 was also different from this. The action was trover, and the plaintiff, to make out his case, found it necessary to put in proof a certain contract. The defendant was then suffered to show that, by facts occurring after issue joined, this contract was discharged. The contract was not counted upon; the suit was not upon it; it came into the case as an item of evidence, and as the defendant could not

know it would be offered, he could not be required to interpose any special plea in respect to it.

Whether the judge should have permitted the plea puis darrein continuance to be filed is not so clear. Much may be and much has been, in this case, forcibly said for and against his action. But the question now is whether we can set aside his action, even though we should be of opinion that he ought to have ruled differently. It is admitted that as a general rule questions of pleading must be settled in the trial court, and litigation would be interminable if it were otherwise. This is particularly true when the question is of the change of an issue already formed; for the parties are supposed to have made their preparations for trial with reference to the issue as formed, and may be put to cost, inconvenience and, perhaps, loss of rights, if the issue is changed. And only the court where the case is pending can inquire into all the facts and make provision for protecting all equities, if a change in the issue is allowed. And its action must not only appear to be wrong, but its discretionary power must have been abused before an appellate court can be justified in overruling it.

In this case the motion for leave to file a new plea was made under circumstances that were very unusual and peculiar. More than two months had elapsed since the necessity for the plea had arisen; the parties in the mean time had prepared for trial upon the issue as it stood, and had entered upon it, and the plaintiff had concluded his case before the motion was made. The facts which it was proposed to plead had all the while been known, and we are not apprised of any showing that the defendants had been laboring under any misapprehension as to the rule of evidence under the issue as it stood. It could not be assumed that the plaintiff had come prepared to meet an issue which he was not notified would be made, and the filing of the plea would therefore most probably require a discharge of the jury and a postponement of the trial to a future term. All these facts made the question one that addressed itself peculiarly to the discretion of the trial judge; and we do not see how we could interfere to con-

trol that discretion without departing from well-settled and wholesome rules of jurisdiction.

As these are the only questions presented by the record which we deem it important to notice, the judgment will be affirmed.

The other Justices concurred.