## SARAH A. GILCHRIST v. GEORGE M. DEAN.

*Assessment of taxes—Supervisor's certificate—True cash value.*

The supervisor's certificate to an assessment roll must state that he has estimated the real estate at what he believes "to be the true cash value thereof, and not *at the price it would sell for* at a forced or auction

sale." *Held,* that the omission of the italicized words is fatal to the assessment. How. Stat. § 1025.

Case made after judgment from Berrien. (A. J. Smith, J.) October 14.—November 19.

EJECTMENT. Defendant had judgment. Affirmed.

*Charles Upson* for plaintiff.

*David E. Hinman* and *Edward Bacon* for defendant.

COOLEY, C. J. This is an action of ejectment. The plaintiff claims the land under a sale made for delinquent taxes for the year 1879. In the circuit court the assessment for that year was held void for the reason that the supervisor's certificate to the assessment roll was not in compliance with the statute.

The statute gave a form for this certificate which is as follows:

" I do hereby certify that I have set down in the above assessment roll, all the real estate in the township of        , liable to be taxed, according to my best information, and that I have estimated the same at what I believe to be the true cash value thereof, and not at the price it would sell for at a forced or auction sale; that the said assessment roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person named in said roll, and that I have estimated the same at the true cash value, as aforesaid, according to my best information and belief." How. Stat. § 1025.

The certificate actually attached in this case was as follows:

" I do hereby certify that I have set down in the above assessment roll all the real estate in the township of Berrien liable to be taxed, according to my best information, and that I have estimated the same at what I believe to be the true cash value thereof and not at a forced or auction sale; that said assessment roll contains a true statement of the aggregate valuation of the taxable personal estate of each and every person therein named, and that I have estimated the same at the true cash value thereof according to the best of my knowledge and belief."

The discrepancies between this certificate and the form given are very manifest. How they came to occur we do not know, and it is not material. Unless we can hold that this certificate is in substance the same with that prescribed, it must be considered fatally defective. We do not think we can so hold. The omission of the words "at the price it would sell for," would of itself be fatal. The purpose in prescribing the form was principally that the supervisor might be compelled to assess by the standard of cash value, and should not be at liberty to take the price obtainable at a forced auction sale as the standard; and the purpose might be defeated if the words here omitted could be left out with impunity. The cases of *Silsbee v. Stockle* 44 Mich. 561; *Dickison v. Reynolds* 48 Mich. 158; and *Hurd v. Raymond* 50 Mich. 369, sufficiently explain our views on this subject, and must be regarded as conclusive.

The judgment must be affirmed.

The other Justices concurred.