Edwin R. Merrifield and Sarah T. Merrifield v.
Arthur Ingersoll et al.

*Bill to rectify mistake in description of land in foreclosure decree and com-
missioner's deed—Means of correction furnished in foreclosure record—
All of the papers must be read together—Lapse of time no bar—General
demurrer—Bill, though defective, not dismissed if cause for, and means
of amendment appear therein—Order for resale—Unnecessary if con-
duct of mortgagor amounts to a waiver, unless defendants hold in good
faith—If ordered, all persons interested in land necessary parties—
Complainant entitled to benefit of taxes paid.*

A mortgage covering the *northeast* quarter of a section of land was fore-
closed in chancery, but by mistake the decree ordered the sale of
the *southeast* quarter, and the commissioner advertised and sold the
land as *misdescribed.* The purchaser conveyed the east half of the
land *as mortgaged*, and his grantee filed a bill to rectify the title and
secure a release from defendants, who claimed under a deed executed
by the mortgagor *after* the foreclosure sale, with full knowledge of
the error in the commissioner's deed. The defendants demurred
generally, and the bill was dismissed.

*Held*, that complainants' interest in having the mistake corrected
was undoubted, and as the record in the foreclosure case, if not the
decree itself, furnishes the means of determining *what* land was
really meant, the lapse of time is no bar to such correction, as all the
papers must be read together.

*Held*, further, that as the bill asks for an amendment of the decree,
and shows sufficient cause for making it, the effect of the demurrer
is destroyed.

*Held*, further, that if a resale of the land should be found necessary,
the purchasers of the remaining half of the land are necessary par-
ties, and complainants would be entitled to the benefit of all their
outlay for taxes paid on the land; but that if the mortgagor's con-
duct should be found to amount to a waiver, no resale would be
necessary, unless defendants hold in good faith.

*Held*, further, that while considerable change may be required in
the bill, it contains enough equity to furnish the means of amend-
ment, and as defendants' demurrer is *general*, they have no right
to a dismissal of the bill.

Appeal from Eaton. (Hooker, J.) Argued April 6, 1886.
Decided April 15, 1886.

Bill to rectify decree. Complainants appeal. Reversed, with leave to amend, etc. The facts are stated in the opinion and head-note.

*E. C. Chapin* and *Isaac P. Christiancy,* for complainants:

Under the decisions of this Court, not one of the defendants can claim to be an innocent purchaser or encumbrancer. Every one of them was bound by the notice of *lis pendens,* and to examine the records : *Alterauge v. Christiansen,* 48 Mich. 67; *Heim v. Ellis,* 49 Id. 241 ; and such examination would have revealed the mistake in the decree and notice of sale, and in the commissioner's deed ; also the *subsequent* deed, containing the *right* description, and the deed by the right description to complainant.

The defendants, therefore, had full constructive notice of the mistake in the decree, notice of sale, and commissioner's deed, and of complainants' claim, and they each and all knew that, except for this mistake, the deeds, contract, and mortgage were void, and could only be made operative by taking advantage of such error.

Under such circumstances, there can be no question of the right of complainants to relief, and the protection of a court of equity; and " mistakes are corrected, even where they occur in the records and proceedings of courts and exist in the records themselves; and this will be done, not by reviewing the judgments or proceedings of these courts, but by restraining the parties who may take advantage of such mistakes from doing so, or by compelling them to execute proper papers for the purpose of such correction:" *Loss v. O'Bry,* 22 N. J. Eq. 52; Story's Eq. Jur. §§ 165, 166; *Quivey v. Baker,* 37 Cal. 465; *Gump's Appeal,* 65 Penn. St. 476 ; *Waldron v. Letson,* 15 N. J. Eq. 126 ; *Salisbury v. Miller,* 14 Mich. 160.

*Huggett & Smith,* for defendants :

The defendants demur generally to the bill, because the complainants fail to show any title to or interest in the premises. The only interest they have was acquired at a foreclosure sale, upon a decree which failed to describe the land, and is that of a purchaser at a defective foreclosure sale.

No notice of sale of *these* premises was ever given as required by law, which omission rendered the sale unwar-

ranted and illegal : ·Rev. Stat. 1846. Chap. 79, Sec. 1 ; *Ireland v. Woolman*, 15 Mich. 253 ; and a deed given under defective foreclosure proceedings is merely an assignment of the mortgage : 1 Jones on Mortg. §§ 811–12 ; *Jackson v. Bowen*, 7 Cow. 13 ; *Gilbert v. Cooley*, Walk. Ch. 494 ; *Nims v. Sherman*, 43 Mich. 50 ; and this places complainants in the position of mortgagees who are barred from foreclosing, since their mortgage matured August 1, 1853, and more than thirty years have elapsed without any indorsement, and they have taken no proceedings to foreclose it : *Baent v. Kennicutt*, 57 Mich. 271.

: A bill could have been filed at any time within five years preceding September 30, 1884, as pleadings date, as to allegations, from date of filing : *Allen v. Carpenter*, 15 Mich. 41.

· A person guilty of laches ought to be able to furnish a reasonable excuse where the rights sought to be regained were lost by mere delay : *Campau v. Chene*, 1 Mich. 400 ; Jennison's Ch. Pr. 59.

·The bill sets forth no contract between Ingersoll and Merrifield regarding this land. The policy of our statute is to have every agreement in reference to land in writing, other than a leasehold interest for one year : How. Stat. § 6179 ; *Hammond v. Hannin*, 21 Mich. 382 ; *Taylor v. Boardman*, 24 Id. 287 ; *Scott v. Bush*, 26 Id. 418 ; and an agent cannot be *verbally* empowered to make a binding contract for his principal for the purchase of land : *Powell v. Conant*, 33 Mich. 398 ; *Colgrove v. Solomon*, 34 Id. 494 ; and the same rule applies to an agent for the *sale* of land, and if Ingersoll had no such authority he was no agent : *Hammond v. Hannin*, 21 Mich. 382.

The most that complainant could do, had he told Ingersoll of this defect and given him the money with which to purchase the land, would be to sue at law for the recovery of the money ; he could not disturb Ingersoll's title : How. Stat. § 5569 ; *Weare v. Linnell*, 29 Mich. 227 ; *Tyler v. Peatt*, 30 Id. 63 ; *Cobb v. Cook*, 49 Id. 11.

CAMPBELL, C. J.: Complainants seek relief under the following circumstances: In 1850 one Jane W. Foot mortgaged the N. E. ¼ of section 33, in township 3 N., of range 3 W., to one Charles B. Champlin, who assigned it to Horace S. Ismon, who foreclosed it in chancery, and obtained a decree June 6, 1856. This decree contained an error whereby it ordered the S. E. ¼ instead of the N. E. ¼

to be sold. If the decree was in the usual form, it contained such a reference to the mortgage as would have furnished on its face the means of correction. As no copy of it was attached to the bill in this cause, we do not know its precise form.

The sale under this decree was made to the complainant, Mr. Ismon, under the same erroneous description. Ismon transferred by proper description the E. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$ of section 33 to parties under whom complainants hold title: They have paid taxes, but have never taken actual possession; but it has been known as theirs.

In 1881 defendant Arthur Ingersoll applied to complainants to become their agent for its sale. Upon investigating the title, the error in the decree was discovered, and it was concluded not to sell until it could be rectified. Ingersoll secretly found out Mrs. Foot, and got a deed from her, and mortgaged the property to defendant Edgerton, and then sold to defendant Piatt, under whom the remaining defendants claim. The bill seeks relief against these parties, and to rectify the title.

All the defendants joined in a demurrer, which was probably designed to be a general demurrer for want of equity, although not conforming exactly to that pleading. It contains no specific suggestions, and has been treated as a general demurrer. We may so regard it, and, as no other grounds appear, it must be governed by the rules applicable to such a demurrer. The court below dismissed the bill.

If this bill had been specially demurred to, it contains serious defects. There is not enough averred, inasmuch as complainants are not in possession, to show that this mistake in the decree was rectified on the sale, so as to identify the land sold as the true parcel. Neither is it shown, although very probably such was the fact, that the conduct or acquiescence of Mrs. Foot after the decree waived any such defect in the sale. If it becomes necessary to correct the decree and resell, then the parties interested in the other half of the land should have been brought in.

But there is no doubt of complainants' interest in having

the mistake rectified. As the chancery record, if not the decree itself, furnishes means of determining what land was really meant, the lapse of time will not prevent the correction, as all the papers must be read together: *Emery v. Whitwell*, 6 Mich. 474; *Montgomery v. Merrill*, 36 Mich. 102; *Souvais v. Leavitt*, 53 Mich. 577.

The bill asks for an amendment of the decree, and shows sufficient cause for making it. This is enough to destroy the effect of the general demurrer. Complainants show, also, sufficient reason for having the decree carried into effect if it should turn out that a new sale is necessary; and if that is done, they would, of course, be entitled to the benefit of all their outlays for taxes. But in order to have a resale, the purchasers of the rest of the property covered by the decree should be brought in. If Mrs. Foot's conduct has amounted to a waiver, no resale would be necessary, if defendants do not hold in good faith, as on the bill they do not appear to.

While all these considerations may render it necessary to make considerable changes in the bill, it has enough equity to furnish means of amendment, and defendants, by raising no points by their demurrer to defects of parties or other omissions, have no right to a dismissal.

The decree dismissing the bill must be reversed, with costs of both courts, and defendants required to answer. Complainants may amend at any time within forty days, or dismiss their bill without prejudice, if they shall choose to do so.

The other Justices concurred.