WEAVER v. MICHELLO.

1. HOMESTEAD—HUSBAND AND WIFE—SIGNATURE OF WIFE—ESTATE BY ENTIRETY—CREATION.

The conveyance of a homestead to a third party executed by the husband alone, for the admitted purpose of creating an estate by the entirety, vested the intended estate in the husband and wife, to whom a reconveyance was forthwith executed, absence of the wife's signature not avoiding the conveyance under Art. 14, § 2, of the Constitution, which was for the protection of the wife's interest.

2. DOWER—INCHOATE RIGHT—ESTATES—MERGER.

Since the inchoate right of dower is not such an estate as gives the possessor a different title or estate than that of her husband, the dower right merged in an estate by the entirety, which was created without her joinder. Where dower and fee combine in the same person dower merges in the greater estate.

OSTRANDER, J., dissenting.

Appeal from Bay; Collins, J. Submitted June 13, 1916. (Docket No. 59.) Decided December 21, 1916.

Bill by George Weaver and another against Lydia M. Michello and another for the cancellation of certain deeds. From a decree for defendants, all parties appeal. Modified and affirmed.

*Stoddard & McMillan* and *C. W. Hitchcock,* for complainants.

*W. B. Henry,* for defendant Lydia Michello.

On February 7, 1911, Morris L. Michello was living on a piece of real estate in Bay county which was his homestead, and on that day Lydia Michello, his wife, filed a bill for divorce against him which was settled amicably two days later. At the time of the settlement of this litigation, Morris Michello made a deed of the homestead to Fred E. Shearer and his wife, and on the same day and immediately thereafter said Fred E. Shearer and his wife made a deed of the same premises to Morris Michello and his wife, Lydia, as husband and wife. These deeds were executed at one and the same time and without consideration, Morris Michello also signing an agreement by which a resumption of the marriage relation was agreed to. The parties lived together for some time, and a second suit for divorce was brought, pending which Morris died. The bill in the instant case was filed by Louis Michello and Francis Michello, the two sons of Morris Michello, against Lydia M. Michello, the widow of Morris Michello, and Orilla Trudel, who is also a daughter of the deceased. It is contended that the deeds are a cloud upon the plaintiffs' title to the land, and it is prayed that the deeds be set aside and general relief given. Their contention is that the deed from Morris Michello to the Shearers is void because Lydia Michello did not join in it, and that therefore the Shearers had no title to the land to convey, and hence the defend-

ant Lydia Michello has no interest in the premises except her dower interest; and, *secondly,* they contend that, if the deeds are not void, they did not establish an estate by the entireties, but rather a tenancy in common.

It is the contention of the defendants that the deeds are valid and created a tenancy by the entireties, and upon the death of Morris Michello his wife became the owner of the fee.

The learned trial judge held that the deeds were valid, but concluded that the legal effect of the deeds was to create a tenancy in common. The plaintiffs and defendants both appeal to this court, and the construction to be placed upon these deeds is the only question for review.

KUHN, J. (*after stating the facts*). It is clear, I think, that in contemplation of law no fee to the property in question rested for a single moment in the Shearers, as they were mere instruments used for the purpose of conveying title. There can be no doubt but that the entire transaction was made and executed for the purpose of creating a greater estate in the wife, Lydia Michello, and for her benefit.

The homestead provision in our Constitution is a wise provision, and our court has uniformly held that, in order to create a valid conveyance of the homestead, it must have the signature of the wife. But it was only in cases where giving validity to the deeds impaired or destroyed the homestead right. This court said, in *Stevens* v. *Castel,* 63 Mich. 111, 120 (29 N. W. 828, 831):

"A deed from the husband to a third person of a homestead for the mere purpose of transferring the title to the wife which is accomplished by the grantee at once executing a deed to her, is not void for want of her signature. The whole transaction should be treated in law as a conveyance from the husband to the wife.

"If the deeds were ever delivered and passed the title, Mullinnex was a mere instrument in the hands of the parties for the purpose, and the only purpose, of transferring the title from the husband to the wife. In such a case I do not think the deed to Mullinnex would be void without her signature. It should be treated—the whole transaction—in law as a simple conveyance from the husband to the wife. The object of the homestead provision in this respect is to protect the interest of the wife, and these conveyances inured only to her benefit, and were not in any sense against any of her rights, or of the family, in the homestead."

So in this case the homestead rights were in no way legally affected by the execution of the two deeds of February 9th and remained with the defendant Lydia Michello and the family as well after the execution of the deeds as before. The obvious purpose of the constitutional provision (section 2 of article 14) is in no wise impaired, and I am therefore of the opinion that it should not be said that the deeds are void because of the constitutional provision which makes an alienation of the homestead invalid without the signature of the wife to the same.

The learned trial judge was of the opinion that the failure of Lydia Michello to join in the deed to the Shearers, and the failure thus to transfer to them her dower right, prevented the unity of title necessary to create an estate by entireties, and therefore a tenancy in common was created instead. I am of the opinion, however, that this conclusion is not well founded, for the reason that in an estate by the entireties the husband and wife are not seised by the moieties, but are seised by the entireties, or, as it has been said, "Each is seised of the whole," and any inchoate right of dower which Lydia Michello may have had in the premises merged when she became seised of the whole estate by the deed from Shearer and wife.

The inchoate right of dower is not such a right

that could be said to have given Lydia Michello a different title or estate than her husband, but it was a mere inchoate interest such as could be released or abandoned, and merged into the title when the dower and the fee combined in the same person. When Morris Michello died, Lydia Michello, being seised of the whole, took the whole estate, and her right of dower is therefore nonexistent and of no benefit to her.

In *Pegg* v. *Pegg*, 165 Mich. 228 (130 N. W. 617, 33 L. R. A. [N. S.] 166, Am. & Eng. Ann. Cas. 1912C, 925); *Wright* v. *Knapp*, 183 Mich. 656 (150 N. W. 315), and *Michigan State Bank* v. *Kern*, 189 Mich. 467 (155 N. W. 502), the formalities necessary to create a tenancy by the entireties were not observed. But in my opinion by the conveyance in question all the legal requirements to create an estate by the entireties were observed, and such an estate was therefore created.

The decree of the lower court will be therefore modified in accordance with this opinion. As this was a settlement of a family matter and a construction of the deeds was sought by both sides to the controversy, no costs were allowed by the lower court to either party as against the other. Such an order will likewise be made here.

STONE, C. J., and BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred with KUHN, J.

OSTRANDER, J. (*dissenting*). Morris L. Michello was the owner of the premises. He executed a conveyance of them to Fred E. Shearer. As a consequence, title to the premises, and ownership, did, or did not, pass to Shearer. It did not pass because the land was a homestead and the wife of Michello did not join in the conveyance. If Shearer acquired no title, he could not by his own deed create, or convey,

an interest in the land. Yet it is plain that the widow is claiming an estate, created, if at all, by Shearer's deed. It will not do to say that the occupancy of the land, for a homestead, was not actually disturbed by the transaction, and was not intended to be. The owner, by his deed, alienated the land, and his deed is therefore void. *Ex nihilo nihil.*

The quotation from the opinion of Mr. Justice MORSE in *Stevens* v. *Castel,* 63 Mich. 111, 120 (29 N. W. 828), is the expression of the individual opinion of that judge, who expressly states that a charge to the contrary was an error not affecting the result of the trial "and is of no moment here."

On the contrary, in *Lott* v. *Lott,* 146 Mich. 580 (109 N. W. 1126, 8 L. R. A. [N. S.] 748), reasoning for and against the proposition that the constitutional provision can be evaded was presented, with a review of former decisions, with the result that the court adhered to the rule that the conveyance of a homestead, by a married man, to a third person, must, to be valid, have the signature of the wife. See, also, *Lawrence* v. *Vinkemulder,* 157 Mich. 294 (122 N. W. 88).

The husband was owner of the land when he died. The land belongs to his heirs at law, subject to the widow's rights therein.