762 F.2d 1011
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
C. PAUL ROGERS, PLAINTIFF-APPELLEE,
v.
R. HOWARD WEBSTER, DEFENDANT-APPELLANT.
 NO. 83-1351
 United States Court of Appeals, Sixth Circuit.
 3/21/85
 
 ON Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant R. Howard Webster appeals from the order of United States District Court for the Eastern District of Michigan denying Webster's motion for judgment notwithstanding the verdict or, in the alternative, for new trial and also denying Webster's motion for amendment of the judgment.
 
 
 2
 Plaintiff C. Paul Rogers filed a complaint against defendant R. Howard Webster alleging breach of a contract to employ Rogers to manage companies owned or controlled by Webster so long as Rogers did his job. Jurisdiction was based on the diversity of citizenship of the parties, pursuant to 28 U.S.C. Sec. 1332. A jury trial commenced on January 21, 1983.
 
 
 3
 The jury returned a $1,000,000 verdict in favor of Rogers. On February 10, 1983, the district court entered a judgment on the verdict. The district court also awarded prejudgment interest of 12 percent per annum, compounded annually, from June 8, 1981, the date the complaint was filed, until the date of judgment. This award of prejudgment interest was based upon M.C.L.A. 600.6013. Webster moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Webster also moved to amend the judgment to strike the award of prejudgment interest. On April 14, 1983, the district court entered an order denying these motions.
 
 
 4
 Defendant Webster appeals from the denial of these motions. First, Webster contends that the district court should have granted his motion for judgment notwithstanding the verdict because the evidence shows that Rogers either quit or abandoned his contract with Webster. Second, Webster contends that a new trial should have been granted since the clear weight of the evidence shows that Webster did not intend to bind himself personally to the employment contract with Rogers. Webster also argues that a new trial should have been granted because the verdict was excessive and tainted with improper evidence and prejudicial remarks of Rogers' counsel. Webster also contends that the district court erred in admitting statutory mortality tables. Finally, Webster urges that the district court erred in calculating interest in accordance with Michigan statute, M.C.L.A. 600.6013.
 
 
 5
 At oral argument, newly substituted counsel for appellant R. Howard Webster withdrew any claim of error concerning the award of prejudgment interest. In addition, newly substituted counsel took a somewhat different approach from that expressed in the brief filed on behalf of Webster by earlier counsel. In the briefs, Webster's former counsel argued that the undisputed evidence showed that any contract for lifetime employment, if made at all, was made between plaintiff Rogers and Detroit Marine Terminal Company (DMT) and not with defendant Webster personally. Counsel in the briefs further alleged that Webster was acting only in his disclosed capacity as an agent for DMT and, thus, would not be personally liable for the alleged breach.
 
 
 6
 Webster's newly substituted counsel has urged that this case would require an extension of the principles of Michigan law adopted by the Michigan Supreme Court in Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579 (1980). Newly substituted counsel contends that Toussaint cannot be held to apply to any contractual relationship between Webster and Rogers because the contract was only for services to be rendered to other distinct legal entities. In addition, counsel for Webster now asserts that he is entitled to the benefit of this court's more recent decisions in Kokesh v. American Steamship Co., 747 F.2d 1092 (6th Cir. 1984), Katch v. Speidel Division of Textron, Inc., 746 F.2d 1136 (6th Cir. 1984), and Rodgers v. Fisher Body Division, GMC, 739 F.2d 1102 (6th Cir. 1984). Counsel urges that in light of these cases this court should rule that the damages awarded were excessive, and that it was plain error for the trial judge to have failed to instruct the jury more completely thereon, especially with reference to reduction to present worth.
 
 
 7
 As so frequently happens, new counsel on appeal, fortified by hindsight, comes to court armed with new theories and strategies which he believes might have produced a different and more favorable result. The plain error doctrine offers only a limited area for relief in such circumstances and is confined to those cases where the claimed error not only is one which the appellate court concludes should not have have been tolerated by the trial judge, but is one which produced, in its wake, a fundamental injustice. We have carefully considered the supplemental briefs but we are not persuaded that if error was committed it was of such a fundamental character. Nor are we persuaded, upon the record as a whole, that a different trial strategy, had it been attempted, would have produced a different result. There is no one perfect way to defend a lawsuit. Strategy decisions always involve trade-offs in the form of concessions made in one regard in order to achieve an advantage in another. Even were it our function to weigh their merits, we see no advantage in the approach now advocated over the one which was in fact employed.
 
 
 8
 Upon a careful consideration of the record as a whole, the court is of the opinion that this case was properly submitted to the jury upon the evidence presented to it and upon the conflicting factual theories of the parties. The parties did not disagree upon the applicable Michigan law, but instead disagreed only upon conflicting issues of fact which are within the province of the jury to resolve. Webster's trial counsel did not object to the jury instructions. In addition, Webster did not claim in his brief that the trial court erroneously instructed the jury concerning the liability aspects of the case under Michigan law, although Webster raised numerous other objections in his brief. We find no error in how this case was submitted to the jury.
 
 
 9
 In his brief, Webster also contends that certain conduct of Rogers' counsel during the trial was improper and prejudicial and thus warranted, with other errors alleged, the grant of a new trial. Upon consideration, the court is of the opinion that this case was fairly tried by a trial judge experienced in Michigan law and that no error intervened to warrant either the grant of a new trial or the reversal of the judgment entered in the district court. Rogers' counsel was not guilty of overreaching in the search of proof concerning Mr. Webster's wealth and extensive holdings. This proof was relevant and admissible in support of Rogers' assertion that the show of wealth was used to induce him to relinquish his remunerative relationship with his former employer and to undertake lifetime employment at Webster's direction.
 
 
 10
 Neither was it error to have submitted to the jury the statutory mortality tables for its consideration in determining the probable life expectancy of the parties. Webster correctly contends that statutory mortality tables should not be admitted when a person is not of ordinary health since the tables are based on the lives of healthy persons. See Norris v. Detroit United Railroad, 193 Mich 576, 583-84 (1916). However, if there is any question as to whether the person is of ordinary health, then that question would be for the jury, and the mortality tables would be admissible for them to use if they should find the person to be of ordinary health. Id. While there was evidence that Mr. Webster was at times in ill health, there was little medical support thereof. Webster was also shown to have been very active in his extensive business interests notwithstanding his advancing age. Since there was evidence of ordinary health, the trial court properly admitted the mortality tables for the jury's consideration.
 
 
 11
 Webster also contends that the award of damages was excessive. We agree with the trial judge that while the award of damages was ample, the award was supported by sufficient proof in the case, and was not shocking to the conscience or otherwise excessive. In view of the range of proofs concerning the past earnings of Mr. Rogers from his employment at DMT and other Webster businesses and the expected anticipated future employment which Rogers might reasonably have expected but for Mr. Webster's breach, the award is clearly not excessive.
 
 
 12
 Webster's newly substituted counsel urges that the present value charge given to the jury was inadequate. Neither side objected to the trial court's instructions on future damages and present worth. We see no reason to question the instructions, especially since neither party objected to the charge on reducing future damages to present worth. See Kokesh v. American Steampship Co., 747 F.2d 1092, 1096 (6th Cir. 1984).
 
 
 13
 Webster's other assertions do not compel the conclusion that the verdict of the jury was contrary to the clear weight of the evidence.
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.