## EATON VS. SMITH.

In 1838, M. executed a deed designed to convey to W. the premises here in dispute (with other lands), but by mistake it did not describe said premises. In 1854, M. conveyed them to H., informing him that W. had bought and paid for them, and of the mistake in the deed to W. S. subsequently obtained possession, claiming under H. Afterwards E., claiming under W., obtained a decree in an action against W. and M., by which the latter was adjudged to convey, and he accordingly did convey said premises to E.; but neither H. nor S. was a party to such action. In ejectment by E. against S. for said premises, *Held*, that the legal title became vested in H. under the deed to him from M., and if E. could maintain an equitable action against H. or his grantee to compel a conveyance to him, still he could not maintain ejectment.

ERROR to the Circuit Court for *Fond du Lac* County.

The action in the court below was ejectment by *Eaton* against *Smith*, and judgment was rendered for the latter. The case is sufficiently stated in the opinion of the court.

*R. P. Eaton*, plaintiff in error, in person.

*Gillett & Conklin*, for defendant in error.

*By the Court*, DOWNER, J. This is an action to recover thirty-six acres, part of lot two in sec. 13, T. 17, R. 18 East. It was proved that it was entered by Morgan L. Martin, August 31st, 1835, and in 1843 a patent issued to him for the same; that by warranty deed bearing date March 10; 1838, Martin, among other lands, conveyed to George White lot two in fractional section twenty-four, in the same town. Martin testifies that there was a mistake in this deed, and the land intended to be conveyed was lot two in section thirteen. Subsequently, but at what time the record does does not inform us, a judgment was recovered against White, and the property in dispute sold, and afterwards a sheriff's deed made to the plaintiff, who filed his complaint against Martin and wife and White in the circuit court of Fond du Lac county, where the land is situated, and on the 17th of February, 1865, Martin and wife, pursuant to an order of the court, conveyed the premises in dispute to the plaintiff. The date of the judgment, sheriff's

sale and sheriff's deed to the plaintiff, and the time of the commencement of the suit against Martin and wife, are not given.

The defendant gave in evidence a deed from Martin and wife to John C. Hays, dated August 15th, 1854, conveying, among other lands, that in dispute, and a deed from Hays to the defendant, dated December 19th, 1855, conveying by metes and bounds about thirty-six and a half acres, being part of said lot two; but whether it is the same land in dispute, we are unable from the record to determine. The bill of exceptions states that it contains all the material testimony; and it also states that a plat of township seventeen was in evidence, but that plat is not made a part of the record; and if it was, we might be able to determine whether the land conveyed by Hays to the defendant is the same as that in dispute. It was also proved that Hays, at the time he obtained the deed from Martin and wife, had notice of the mistake in the deed of Martin and wife to White.

It is obvious from these facts that the legal title to the land passed to Hays, and the only effect of the notice to Hays of White's claim was to make the deed to him *voidable*, but not *void.* The plaintiff in ejectment must recover on the strength of his own title, and he must have a legal title. If Eaton has a right in equity to the land, he must first bring his suit and set aside the deed to Hays, or compel him, or those claiming under him, to convey the legal title to him. He may have no such right, for the defendant may be a *bona fide* purchaser; and the record tends to show that even Hays may have, under the mortgage foreclosure under which he claims, as well as under the deed from Martin, equitable rights. We however give no opinion upon the equitable title of either party, in the present imperfect state of the record. We see no error to the prejudice of the plaintiff.

The judgment of the court below is affirmed, with costs.