## MEADE vs. BROTHERS and another.

PRINCIPAL AND AGENT—DEED. (1, 2) *Power of attorney to sell and convey land. Deed by attorney to his own daughter for nominal consideration.*
PLEADING. (3) *Complaint in ejectment.*

1. Where the act of an agent varies substantially, in its nature, extent or degree, from the authority conferred upon him, it does not bind the principal.
2. One authorized by a power of attorney to sell and convey certain real estate entire or in separate parcels, for such sum or sums of money as to him should seem most to the advantage of the principal, conveyed real estate worth three or four thousand dollars to his own daughter for the nominal consideration (expressed in the deed) of one dollar. *Held*, that he was authorized to convey for a valuable consideration only, and not for a mere nominal sum; and that the deed might be treated by the principal as a mere nullity. *Eaton v. Smith*, 19 Wis., 537, distinguished.
3. Plaintiff in ejectment may show that a deed, put in evidence by the defendant, was executed without authority, under a complaint in the usual form (R. S., ch. 141, sec. 4), without any specific allegation as to such deed.

APPEAL from the Circuit Court for *Outagamie* County.

Ejectment, against *David Brothers* and *Amanda T. Brothers*. Complaint in the usual form. The answer admits that defend-

ants are in possession of the premises, and denies the other averments of the complaint. The nature of the conveyance under which defendants claimed to have derived title from the plaintiff, will sufficiently appear from the opinion. The plaintiff appealed from a judgment in favor of the defendants.

*Hastings & Green,* for appellant, argued that plaintiff could not maintain a suit in equity to remove a cloud upon his title created by such deed: first, because he was not in possession; and secondly, because the court would say to him that if the deed was infected with fraud, it was no conveyance, and that he could show this in an action at law (*Jones v. Collins,* 16 Wis., 594; *Meade v. Black,* 22 id., 241; *Kent v. Agard,* 24 id., 378); and that the statute (R. S., ch. 141, sec. 4) provides what allegations a complaint in ejectment must contain, and the complaint in this case being in conformity with the statute, evidence of the fraud in the deed to *Amanda T. Brothers* was admissible under it, without any averment of such fraud. *Reynolds v. Vilas,* 8 Wis., 472; *Walter v. Lockwood,* 23 Barb., 228; *Ensign v. Sherman,* 14 How. Pr. R., 439, 442; *Lain v. Shepardson,* 23 Wis., 224; *Mather v. Hutchinson,* 25 id., 27; *Kent v. Agard,* 24 id., 378; *Jackson v. Richards,* 6 Cow., 617; *Stephens v. R. R. Co.,* 20 Barb., 333; *Jackson v. Burgott,* 10 Johns., 457; *Waldron v. McComb,* 1 Hill, 111; Adams on Ejectment (4th ed.), 567.

*Hudd & Wigman,* for respondents, argued that the deed from Lawe to *Amanda T. Brothers* passed the *legal* title to her, and therefore the plaintiff could not maintain ejectment (*Parkison v. Bracken,* Burnett, 13; 13 Wis., 472; *Eaton v. Smith,* 19 id., 537); that after plaintiff had traced the title to himself, all defendants were required to do was to show that such legal title had passed out of the plaintiff (23 Wis., 224); that even if it be granted upon the New York authorities (17 N. Y., 270; 41 id., 107), that plaintiff may have both equitable and legal relief in the same action, still such relief can be had only upon appropriate allegations; that the complaint should state every

fact which the plaintiff must prove in order to maintain his suit, and which the defendant has a right to controvert in his answer (7 N. Y., 478; 10 id., 363; 3 Duer, 633; 9 Barb., 158; 20 id., 455); that under the code parties are required to apprise each other of the precise grounds upon which they intend to rely (10 Wis., 371; 15 id., 641; 20 id., 509); and that fraud cannot be proven on the trial if not alleged in the pleadings. 5 Bosw., 16; 5 How. Pr. R., 14; 3 Sandf., 1.

COLE, J. For the purpose of defeating a recovery in this case, the defendants introduced in evidence and relied upon the deed executed in the name of the plaintiff by his attorney in fact, George W. Lawe, to the defendant *Amanda T. Brothers.* This deed was executed by Lawe to his daughter Amanda, by virture of a power of attorney under seal, in and by which the plaintiff constituted Lawe his attorney, and authorized him, in his name, "to bargain, sell, grant, release and convey entire or in separate and convenient parcels," "for such sum or sums of money" as to the attorney should seem most to the advantage of the principal, the real estate therein named. Under this letter of attorney, Lawe conveyed the real estate in controversy, worth $3,000 or $4,000, to his daughter, for the nominal consideration of one dollar. The plaintiff offered to prove, among other things, by his own testimony, that this deed was made by Lawe for the purpose of depriving him of his property, and with a fraudulent intent on the part of Lawe, and that it was accepted by the grantee—if accepted at all—with full knowledge on her part that it was a fraudulent transaction on the part of the attorney in executing the deed in the manner he did. This and other offers of testimony were excluded by the court. And finally the court was asked, in effect, to instruct the jury that the deed from *Meade* to *Amanda T. Brothers* of the property in dispute was unauthorized by the power of attorney from *Meade* to Lawe, and that the plaintiff was entitled to recover the real estate notwithstanding the deed. This instruction was refused.

It will not be necessary to notice the other alleged erroneous rulings of the court, inasmuch as the questions arising upon these exceptions must dispose of this appeal. It will be seen at once that these exceptions, or the latter one, presents the distinct question, whether the conveyance executed by Lawe to his daughter *Amanda* was ever of any operative force to transfer the title, or whether it was simply void as to the plaintiff. We are of opinion that that conveyance did not pass the legal title, and that, in respect to the plaintiff, he might treat it as a mere nullity.

It is an elementary principle pervading the law of agency. that, in order to bind a principal upon a contract made by an agent, the contract must be within the authority committed to the agent, and that such authority must be substantially pursued. That is, if authority be conferred upon an agent to lease real estate belonging to his principal, he has no power to sell and convey it, and if he should assume to do so, his acts would simply be void, because they were entirely beyond the power delegated to him by the principal. So also if authority be conferred upon an agent to sell and convey real estate for a valuable consideration, he has no power to give it away. This proposition seems to us too plain to require argument in its support; and we shall not dwell upon it.

In the present case, the written power in terms authorizes the agent to sell and convey the real estate named, entire or in separate parcels, to such persons and for such sums of money as might to the attorney seem most to the advantage and profit of the constituent. Evidently this contemplated a sale of the property for a valuable consideration, and it never could have been intended to authorize the agent to sell and transfer the title for a mere nominal consideration. The letter of attorney, it is true, gave the agent some discretion as to the amount of money which the entire property or any portion thereof should be sold for; but the agent was expressly required to exercise that discretion for the best interest of his principal. Manifestly

it never was intended that he should give away the property; and the instrument under which he assumed to act conferred no authority upon him to make such a disposition of it. And in conveying it away for a mere nominal consideration, he acted entirely without the scope of the authority committed to him. It is a cardinal rule, that if the act of the agent varies substantially from the authority or commission, in its nature, or extent, or degree, it is void as to the principal, and does not bind him. Story on Agency, § 165. What act could an agent possibly do more substantially and grossly in violation of the authority delegated to him than to give away his principal's property, which it was intended he should only convey upon being paid a valuable moneyed consideration? And the grantee in the deed must have known, from the very terms of the letter of attorney, that Lawe was acting beyond the scope of his authority, and committing a gross fraud upon his principal. The deed, therefore, not being executed in pursuance of the power conferred upon the agent, conveyed no title, and in fact was void as to the plaintiff. Its existence presented no obstacle to the plaintiff's recovery. *Dupont v. Wertheman*, 10 California, 354; *Mott v. Smith*, 16 id., 534; *Delafield v. The State of Illinois*, 26 Wend., 192; *Cowan v. Adams*, 10 Maine, 374; *St. John v. Redmond*, 9 Porter (Ala.), 428; and *Reese v. Medlach*, 27 Texas, 120.

From the remarks already made, it is very obvious that the case of *Eaton v. Smith*, 19 Wis., 537, has no application to the one before us. There the deed from Martin and wife conveyed the legal title to Hays, and the only effect of the notice to Hays of White's claim was, to make the deed to him voidable. But here no power was conferred upon the attorney in fact to convey the real estate, except upon a valuable consideration paid therefor by the purchaser; and his attempt to do so was a nugatory act. As between the plaintiff and the grantee in that conveyance, the deed was a nullity, and passed no title. For, as we have said, Lawe had no authority whatever to convey

the land to any one for a mere nominal consideration, and his attempt to do so was an unauthorized act, which did not in any manner bind the plaintiff.    The plaintiff could treat the deed as a mere nullity, having no operative force as far as he was concerned.    This being so, the circuit court should have instructed the jury as requested by the plaintiff.

It is not necessary to consider the question whether the court erred in excluding the evidence of fraud offered on the part of the plaintiff.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial is awarded.