## MILLER v. MURFIELD *et al.*

1. **Deed: UNDUE INFLUENCE.** The evidence in this case (see opinion) shows that an aged and infirm woman, whose death was expected soon to occur, for no consideration except love and affection, made a deed of all her land to her children, exclusive of plaintiff, who was a daughter; that she had expressed a desire to make some provision for plaintiff, but was overborne by the influence of some of the defendants, in whose care she was, and who were at enmity with plaintiff's husband; that the deed had been prepared by some interested person a week or more before it was executed, but had never been read to or by the grantor, and that she executed it to avoid further trouble, without knowing its full contents. *Held* that it was properly set aside as being procured by fraud and undue influence.

2. ———: NO DELIVERY. A deed of land by a father to a son, executed on the same date as the father's will, and enclosed in the same envelope as the will, and never discovered, nor known to the son, until after the father's death,—the son, in the meantime, leasing and paying rent on the very land described in the deed, was of no effect as a deed, because never delivered.

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, JANUARY 23, 1890.

ACTION in equity for the partition of real estate. There was a trial by the court, and a decree for the plaintiff. The defendants appeal.

*Sheean & McCarn,* for appellants.

*J. W. Jamison* and *Remley & Ercanbrack* for appellee.

ROBINSON, J.—The land in controversy was formerly owned by J. S. Murfield, who died testate on the twelfth day of October, 1886. By his will he devised to his wife, Elizabeth A. Murfield, all the land in certain sections numbered 14 and 15, and to their five sons and to two daughters, all of whom are parties defendant, the remainder of his land. By a codicil it was provided that after the death of Elizabeth all the property left to her should be equally divided between the sons and daughters aforesaid. Elizabeth died intestate on the twenty-ninth day of April, 1887. The plaintiff is a daughter of decedents, and claims to be the owner of an undivided one-eighth of the land devised by her father to her mother, and of an undivided one-twenty-fourth of certain other lands, which her father owned at death, and claims that defendants own all other interests in the land in question. Plaintiff asks that her shares as aforesaid be confirmed, and that partition thereof be made. One of the defendants, Mary L. Holden, does not answer. The other defendants deny that the mother died seized of any land whatever. They claim that on the twenty-second day of April, 1886, J. S. Murfield and Elizabeth A. conveyed to defendant John B. Murfield a part of the land in dispute; that the will of J. S. Murfield limited the interest in land devised to his wife to a life-estate; that all his interest in real estate not given to his wife was devised to defendants; and that on the twenty-second day of January, 1887, Elizabeth conveyed all her interest in the land in controversy to defendants. Plaintiff denies the delivery of the alleged deed to John B. Murfield, and alleges that the deed of January 22, 1887, was procured by fraud and undue influence, and that it should be set aside. The district court found that plaintiff was entitled to the interests claimed by her, and decreed a partition of the premises in dispute.

I.   The matter first discussed by counsel for appel-
lants is the validity of the deed executed by Elizabeth
1. DEED: undue  Murfield on the twenty-second day of Jan-
influence.       uary, 1887.  It is claimed, and we think
justly, that it was the desire of J. S. Murfield, as
indicated by his will, not to leave to plaintiff any
interest in his real estate.  The will, as first drawn,
bequeathed to her three hundred dollars, but the
codicil revoked that bequest, and provided that she
should have the interest on that sum until her two
oldest children should become eighteen years of age,
when the sum should be paid to such children.  The
deed of Elizabeth to defendants recites that it is for the
consideration of love and affection, and for the purpose
of carrying out the wishes of the grantor's deceased
husband.  It conveys by quitclaim all the interest of
the grantor in the estate of her late husband, excepting
that which she acquired by his will.  The closing para-
graph of the deed is as follows:   "And this conveyance
is made also to give full effect to said will, and so that
the entire estate of said deceased will be disposed of
according to the provisions of said will when the same
is admitted to probate."  It was dated January 15,
1887.  When the deed was executed, Elizabeth was
living with her son John.  Her health had been poor
since the death of her husband.  On the day the deed
was signed her condition was so alarming that some of
her children, who were at a distance, in other parts of
the state, were sent for, and a justice of the peace was
called in during the forenoon, and the deed was pro-
duced, signed by the grantor, without reading, and her
acknowledgment taken by the justice.  Before signing
it she asked if there was any way she "could fix it so
Hattie could have a little something, if she needed it."
The justice said that he did not know.  Defendant
Charles Murfield was present.  He was the executor of
his father's estate, and evidently had much influence
with his mother.  After the justice answered his mother,
he spoke, and said that he "didn't want any more sales;
that he wanted it to stand as his father had it."  His

mother then said she did not want any more trouble, and signed the deed. It is shown that there was much ill feeling on the part of some of the defendants, especially the brothers, towards the husband of plaintiff. Charles had been especially bitter towards him. Less than three weeks before the deed was executed, the plaintiff and her husband had visited the mother. Charles was present, and used harsh language towards the husband, in effect, ordering him away. The mother interfered in behalf of Miller. Other facts are shown, which indicate that some of the defendants, and especially Charles, were active in trying to prevent plaintiff from receiving a share of her mother's estate. It appears quite clearly that the mother desired to make some provision for plaintiff, but that she was induced to yield to the desires of Charles and others, to avoid trouble, and her condition at the time was so feeble that she was easily influenced. It is said that the recitations in the deed show that it was the mother's desire and intent to carry into effect the wishes of her late husband, and that other circumstances and declarations of the mother, made at a subsequent date, corroborate the recitals of the deed. But when the deed was executed, and from that time until her death, she was constantly subjected to influences adverse to giving to plaintiff any property, on account of hostility to her husband. It does not appear that she knew the full contents of the deed, for it was not read to, nor by, her, so far as is shown, while there is evidence that it was not so read, and it seems to have been prepared by some interested person at least a week before. We think the claim of appellant, that the deed was obtained by fraud and undue influence on. the part of defendants, is sustained, and that it was rightly set aside by the court below. We do not find that all the defendants are equally culpable, but the improper influences exerted by some will necessarily bar all from deriving anything from the deed.

II. It is urged that the deed of April 22, 1886, from J. S. Murfield, operated to convey title to a part

2. ——: no deliv-
ery. of the lands in controversy. There is no evidence that the deed was ever delivered. It appears to have been in due form, and to have been properly signed and acknowledged. It bears the same date as the will of J. S. Murfield, and was found with it, in the same envelope, after his death. It does not appear that the grantee knew of the existence of the deed until after the death of his father, while it is shown that he had rented the farm and was a tenant after the date of the deed, and that he paid rent to the estate. It is evident that the deed was never delivered, so far as is shown, and that no title passed thereby. *Otto v. Doty*, 61 Iowa, 26.

III. The pleadings raise an issue as to the effect of the limitations attempted in the codicil of the will of J. S. Murfield, on the interest in real estate devised to Elizabeth, in that part of the will first executed, but, since nothing is claimed under it in argument for appellants, we will not further consider it. We are satisfied with the decree of the district court, and it is therefore

AFFIRMED.