Kinney vs. Dexter and others.

It follows that the demurrer to the complaint was properly sustained, and that the order in that behalf must be affirmed.

*By the Court.*— Order affirmed.

WINSLOW, J., took no part.

Kinney, Appellant, vs. Dexter and others, Respondents.

*December 16, 1891 — January 12, 1892.*

*Married women: Deed from husband to wife: Ejectment.*

A conveyance of land by a husband directly to his wife, upon no other consideration than natural love and affection, vests in her no legal title or right of possession; and her grantees obtain no better title or right, and cannot maintain ejectment for the land.

APPEAL from the Circuit Court for *Walworth* County. Ejectment. The facts will appear from the opinion.

For the appellant the cause was submitted on the briefs of *S. Bishop,* attorney, and *E. T. Cass,* of counsel. They cited *Albright v. Albright,* 70 Wis. 535; *Hannan v. Oxley,* 23 id. 523; *McKinster v. Babcock,* 26 N. Y. 380; *Wheeler & W. Mfg. Co. v. Monahan,* 63 Wis. 193; *McKesson v. Stanton,* 50 id. 306; *Cummings v. Friedman,* 65 id. 183; *Leprell v. Klimschmidt,* 112 N. Y. 364; *Wis. Cent. R. Co. v. Wis. R. Land Co.* 71 Wis. 94; *Hewitt v. Butterfield,* 52 id. 387.

*T. D. Weeks,* for the respondents, argued, among other things, that a deed directly from husband to wife is void at law. *Putnam v. Bicknell,* 18 Wis. 333. The statute defining the rights of a married woman over her separate estate does not apply to real estate derived from her husband. *Pike v. Miles,* 23 Wis. 164; *White v. Wager,* 25 N. Y. 328. If the purchase was not made with her separate estate she takes no legal estate. *Carpenter v. Tatro,* 36 Wis.

297. In ejectment plaintiff must recover, if at all, on the strength of his own title, and that must be a legal title. *Gillett v. Treganza*, 13 Wis. 472; *Eaton v. Smith*, 19 id. 537; *Furlong v. Garrett*, 44 id. 111–122; *Brinkman v. Jones*, id. 498–515; *Odell v. Montross*, 68 N. Y. 499. Plaintiff alleges that he is owner in fee, and sets up no other interest. He must, then, rely upon a fee-simple title. *Castor v. Jones*, 107 Ind. 283; *Barrett v. Hinckley*, 124 Ill. 32; *Kitteringham v. Blair T. L. & L. Co.* 66 Iowa, 280.

ORTON, J. This is an action in ejectment to recover the possession of a narrow strip of land on the west side of lot 1, block 1, in Tripp's addition to the village of Whitewater. Both parties claim title from the same source, viz., from one Byron Brown. The plaintiff proved title by successive deeds after the deed of the strip by Byron Brown to his wife, Amelia T. Brown, dated November 25, 1869. The consideration mentioned in the deed is $50, but it was proved that no money or other valuable consideration was paid. The deed was a mere gift, in consideration of natural love and affection. The circuit court directed the jury to find a verdict for the defendants. By proper motions and exceptions the case comes before this court on appeal from the judgment on its merits.

To entitle the plaintiff to recover he must show a legal title to the land. *Gillett v. Treganza*, 13 Wis, 472; *Eaton v. Smith*, 19 Wis. 537.

*First.* The deed of Byron Brown to his wife, Amelia T. Brown, gave her only an *equitable* title to the land. *Putnam v. Bicknell*, 18 Wis. 333; *Hannan v. Oxley*, 23 Wis. 519. This would give the plaintiff only an equitable title by successive deeds, since conveying only the title Amelia T. Brown had by virtue of said deed from her husband.

*Second.* That deed could not convey to her a separate es-

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

tate under the statute, for such an estate must come from some person other than her husband.

*Third.* That deed gave her an equitable interest in the strip, as a married woman, leaving the legal title and the possession in the husband. *Strœbe v. Fehl,* 22 Wis. 337. The wife, not being entitled to the possession by her deed from her husband, could not convey the possession or right of possession to her grantee, and so on to the plaintiff. It follows, therefore, that the plaintiff, having no legal title or right of possession to the strip of land, cannot recover in this action, and the court properly directed a verdict for the defendants.

*By the Court.*— The judgment of the circuit court is affirmed.

WINSLOW, J., took no part.

