RACHEL A. HUTTON, Appellee, v. WALTER J. SMITH, Appellant.

Deed: DELIVERY: PRESUMPTION: INNOCENT PURCHASER. While it is true that where a deed has been executed, acknowledged and filed for record by the grantor, a delivery thereof to the grantee will usually be presumed, yet such presumption may be overcome by evidence. And where a voluntary deed from a mother to her married daughter was so executed, acknowledged and filed for record by the mother, but, after it had been recorded, was taken by her and locked up in a tin box which she kept in her house, from which it was stealthily extracted by the daughter's husband, and the evidence showed that the mother had no intention of delivering the deed until it should be signed and concurred in by her husband, and that, after the deed was so taken, the daughter and her husband leased the land of the mother and paid rent therefor, held, that there was no delivery of the deed, and that a conveyance by the daughter and her husband to one who was chargeable with knowledge of the facts conveyed no title as against the mother.

*Appeal from Calhoun District Court.*—Hon. G. W. Paine, Judge.

Thursday, May 18, 1893.

Action to quiet title. From a decree for the plaintiff the defendant appeals.—*Affirmed.*

O. J. Jolley, for appellant.

C. A. Irwin, for appellee.

Kinne, J.—I. This action was brought by plaintiff to quiet title to eighty acres of land in Calhoun county. The petition averred that plaintiff was the absolute owner of the land, and that defendant asserted a claim under a deed from William Palmatier and Minnie F. Palmatier, executed in October, 1890; that said William had no interest therein, except as the husband of Minnie F. Palmatier, and that the latter had no right therein except as created by a warranty deed from the plaintiff to her, of date October 23, 1889, and that said deed was never delivered; that Minnie F. Palmatier is the daughter of the plaintiff; that no consideration was paid for the deed. It also claimed that the land was the plaintiff's homestead, and had never been conveyed by any joint instrument; that, at the time of the conveyance of the land to the defendant by William Palmatier and Minnie F. Palmatier, he had actual notice of all the facts pleaded. The defendant filed a general denial, and a cross-petition claiming title in himself, and asking to have it quieted.

II. The controlling and only question we need consider in this case is whether the deed from plaintiff to Minnie F. Palmatier was ever delivered to the grantee therein. The facts, as disclosed by the record, so far as material to this inquiry, are that on October 23, 1889, the plaintiff, who then held the legal title to the

land in controversy, executed a deed for it to Minnie F. Palmatier, her daughter. The plaintiff caused the deed to be recorded, and, after it had been recorded, received it back from the recorder, and placed it in a tin box in her room in the house where she was then living. It remained there until the next summer, when the husband of her daughter, without the plaintiff's knowledge or consent, took it from the box, and kept it, so far as appears, afterwards. Some time after he had taken it, the plaintiff learned of the fact, and demanded it of him. He promised to return it, but never did so. When he took the deed, his wife (plaintiff's daughter) and the plaintiff were living in the same house, though the plaintiff appears to have had a separate room for her own use, in which the box was kept. After obtaining the deed, Palmatier and his wife executed a mortgage to the defendant upon the land, and later on deeded the land to the defendant for a consideration of about $440. It is under this deed that the defendant claims title.

The testimony satisfies us fully that the deed from the plaintiff to her daughter never was delivered. Authorities need not be cited in support of the doctrine that a delivery of a deed is essential to a transfer of title to real estate. It has often been held that a deed found in the possession of a grantee would be presumed to have been delivered and accepted. *Wolverton v. Collins*, 34 Iowa, 238; *Craven v. Winter*, 38 Iowa, 471; *Blair v. Howell*, 68 Iowa, 619. Delivery may also be presumed from the fact that a deed has been executed, acknowledged, and filed for record by the grantor. *Robinson v. Gould*, 26 Iowa, 89; *Craven v. Winter*, 38 Iowa, 471; *Foley v. Howard*, 8 Iowa, 56. But, even when the filing of a deed for record raises a presumption of delivery, such presumption may be overcome by proof that the acts relied upon were not intended to constitute a delivery. The question of delivery of a

deed is always one of the intention of the parties. The act of delivery is not complete unless there be an acceptance on the part of the grantee. Hence it follows that, if the deed comes into the possession of the grantee without any intention on the part of the grantor that it shall become operative, a delivery does not take place. *Steel v. Miller*, 40 Iowa, 406; *Stevens v. Castel*, 29 N. W. Rep. 828, 63 Mich. 111.

It is not our rule to enter into a detailed discussion of the evidence in equity cases. From a careful reading of this record the following facts are found to be fully established: That there was no agreement or arrangement whatever between the plaintiff and her daughter Minnie that the deed should be delivered to the latter, unless the plaintiff's husband should sign it. The daughter never made any claim to any interest in the land. The deed was never in the possession of the daughter. The grantor never voluntarily parted with possession of the deed. The plaintiff was advised that she could not convey the land, unless her husband should join with her, which he did not do.

Another fact which tends very strongly to support plaintiff's claim that she did not intend to deliver the deed unless it was signed by her husband, and that in fact the daughter never understood that it had been delivered, is that the daughter and her husband, after the latter had surreptitiously obtained possession of the deed, rented the land in controversy of plaintiff, and paid her rent therefor. If they, or either of them, had any reason to believe that the deed had been legally delivered to them, they would have asserted their rights as owners of the property, and not have sustained the relation of tenants to the plaintiff. *Miller v. Murfield*, 79 Iowa, 64. Again, as we have said, the deed was to be signed by the husband of the plaintiff. It is clear that no delivery was ever contemplated until he became

a party to the instrument. *Overman v. Kerr*, 17 Iowa, 490; *Parker v. Parker*, 1 Gray, 409.

We need not pursue this subject further. This deed came into the possession of the daughter's husband by stealth. There was no act on plaintiff's part showing, or even tending to show, any intention on her part to deliver the deed until the husband had also executed it, which he never did. No title passed to the daughter by reason of the surreptitious possession of her husband. A case will hardly be found where any presumption of delivery which may arise from the recording of a deed is so completely and satisfactorily overcome as in the case at bar.

III. The appellant claims that he was an innocent purchaser for value without notice, and hence should be protected. We do not find such to be the fact. He also claims that the plaintiff executed the deed to defraud the creditors of herself and her husband, and therefore should not be permitted to recover. This question is not in issue. The appellant rested on a denial of the plaintiff's claim, and can not now be heard to say that the plaintiff should be prevented from recovering by reason of matters which he has not pleaded.

The judgment and decree of the district court are AFFIRMED.