WISCONSIN LAKES ICE & CARTAGE COMPANY, Appellant, vs. PIKE & NORTH LAKES ICE COMPANY and another, imp., Respondents.

*September 23—October 21, 1902.*

*Ejectment: Pleading: Apparent title in defendant: Action at law or in equity.*

1. Upon a demurrer *ore tenus*, if the complaint when liberally construed is insufficient, it cannot be aided by admissions in the answer.
2. A complaint in ejectment alleging all the necessary facts and, further, that defendant claims title under and by virtue of a "pretended deed" from plaintiff to one S. and subsequent conveyances from S., *"and not otherwise;"* that plaintiff never executed nor delivered to S. any deed or conveyance of the property, but is and has been at all times since the date of said pretended deed; and prior thereto, the owner in fee-simple absolute of the premises and entitled to the possession thereof,—is *held*, on demurrer *ore tenus*, to state a good cause of action. It does not allege an apparent legal title in defendant, necessitating resort to an equitable action, since the deed to S., if never executed or delivered, was a mere nullity.

APPEAL from a judgment of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is an action of ejectment. The complaint alleges, in effect, that at all the times therein mentioned the plaintiff was a corporation duly organized and existing under the laws of this state, and that the defendant company was also a corporation duly organized and existing under the laws of this state; that May 25, 1900, and for a long time prior thereto, the plaintiff had been, and ever since has been and now is, the owner in fee-simple absolute of the premises therein described; that the plaintiff is entitled to the immediate possession of the premises so described, and that the defendants unlawfully withhold the possession thereof from the plaintiff, to its damage in the sum of $1,000; that October 14, 1901, one James S. Sanborn claimed to be the owner of said premises under and by virtue of a certain *pretended deed* claimed to have been executed and delivered to him as grantee by this plaintiff as grantor, which *pretended deed* bore date May 25, 1900, and was recorded July 27, 1900; that October 14, 1901, by warranty deed dated on that day, and recorded October 22, 1901, the said James S. Sanborn and wife, as grantors, purported to convey said property to one Dwight A. Sanborn; that October 14, 1901, by deed dated on that day, and recorded November 1, 1901, Dwight A. Sanborn, as grantor, purported to convey to the defendant *Pike & North Lakes Ice Company,* as grantee, the said lands described; that the defendant company claimed title to the land so described under and by virtue of the conveyances hereinbefore mentioned, *and not otherwise;* that the plaintiff never executed or delivered to the said James S. Sanborn any deed or conveyance of the said property, or any part or parcel thereof, but that it is, and has been at all times since May 25, 1900, and prior thereto, the owner in fee-simple absolute of said premises, and entitled to the possession thereof, as stated; that the defendants Beer and *Husting* are each in possession of portions of the property described, claiming to hold the same as tenants of the defendant company. Judgment is demanded against the defendants

for the possession of said premises, and for $1,000 damages
for the withholding of the same, together with costs and dis-
bursements of this action. The defendant company and *Hust-
ing,* respectively, answered by way of admissions, denials, and
counter allegations.

The plaintiff and the defendant company only appeared by
attorneys upon the trial, and the plaintiff, having called a wit-
ness, proceeded to examine him, whereupon the defendant
company demurred to the complaint *ore tenus,* which was sus-
tained by the court, and thereupon judgment was ordered to
be entered in favor of the defendants, dismissing the com-
plaint upon the merits, with costs. From the judgment en-
tered thereon accordingly the plaintiff brings this appeal.

For the appellant there were briefs by *Hoyt & Olwell,* and
oral argument by *L. A. Olwell.*

For the respondent *Pike & North Lakes Ice Company* there
was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,*
and oral argument by *E. P. Vilas.* They contended that the
rule applicable to the construction of this complaint is the one
applied in *Eaton v. Smith,* 19 Wis. 537; *Spiess v. Neuberg,*
71 Wis. 279, 287; *Prickett v. Muck,* 74 Wis. 199, 207; *Esch-
erick v. Traver,* 65 Ill. 379; *Stanley v. Valentine,* 79 Ill. 544;
3 Cook, Corp. § 848, p. 1912.

CASSODAY, C. J. Counsel for the plaintiff seem to place
some stress upon the admissions in the answer. But the only
question presented for consideration upon this demurrer *ore
tenus* is as to whether the complaint states a good cause of ac-
tion, when liberally construed. *Doud v. W., P. & S. R. Co.*
65 Wis. 108, 25 N. W. 533; *Docter v. Hellberg,* 65 Wis. 420,
421, 27 N. W. 176. If, when so construed, it fails to state
a cause of action, the omission cannot be supplied by allega-
tions in the answer. Id.

Undoubtedly counsel is warranted in claiming that the com-
plaint alleges all the facts required by the statute in an action

of ejectment. Sec. 3077, Stats. 1898. This is conceded; but it is claimed on the part of the defendant company that the plaintiff must recover, if at all, on the strength of his own legal title, and that the complaint goes further, and alleges facts showing "the apparent legal title in the defendant" company, and hence that the plaintiff must, in order to recover, go behind such legal title, and show by extrinsic evidence that such apparent legal title has in equity no foundation; and therefore that the plaintiff's remedy, if any, is in equity, and not at law. If such is the fair meaning of the complaint, then some of the adjudications cited by counsel would seem to support his contention. *Eaton v. Smith,* 19 Wis. 537; *Spiess v. Neuberg,* 71 Wis. 279, 287, 37 N. W. 417; *Prickett v. Muck,* 74 Wis. 199, 207, 42 N. W. 256; *Kinney v. Dexter,* 81 Wis. 80, 51 N. W. 82. But we are constrained to hold that such is not a fair construction of the complaint. It alleges, in effect, that the plaintiff was during all the times therein mentioned "the owner in fee-simple absolute of the premises therein described;" that the defendant company claimed title to the lands under and by virtue of a "pretended deed" from the plaintiff to James S. Sanborn, dated May 25, 1900, and a deed from James S. Sanborn and wife to Dwight A. Sanborn, dated October 14, 1901, and a deed from Dwight A. Sanborn to the defendant company, dated October 14, 1901, and that the defendant company made such claim under and by virtue of such conveyances, *"and not otherwise;"* and that the plaintiff never executed nor delivered to James S. Sanborn any deed or conveyance of the property, or any part or parcel thereof, "but that it is, and has been at all times since the said 25th day of May, 1900, and prior thereto, the owner in fee-simple absolute of said premises, and entitled to the possession thereof." Upon demurrer *ore tenus,* and for the purpose of this appeal, these allegations must be considered together and taken as true. Under these allegations we think it would have been competent for the plaintiff upon the trial to prove that

the "pretended deed" of May 25, 1900, was "never executed or delivered" to James S. Sanborn by the plaintiff. Thus it has been held by this court that it was error not to allow the plaintiff in ejectment to prove by parol evidence that a deed absolute on its face, under which the defendant claimed title from the same grantor as the plaintiff, was in fact given as security, and hence a mortgage. *Kent v. Agard,* 24 Wis. 378. So it has been held that a plaintiff in ejectment may show that the defendant, who was his agent, had fraudulently allowed the plaintiff's land to be sold for taxes, and taken the deed in his own name, and placed the same on record. *McMahon v. McGraw,* 26 Wis. 614. So it has been held that a plaintiff in ejectment might show that the deed under which the defendant claimed title had been executed for a nominal consideration by the defendant's father, acting under a power of attorney from the plaintiff, authorizing him to sell and convey the land, which was of the value of three or four thousand dollars, for such sum or sums of money as to him should seem most to the advantage of the plaintiff; and hence that such deed might be treated by the plaintiff as fraudulent and a mere nullity. *Meade v. Brothers,* 28 Wis. 689; distinguishing *Eaton v. Smith,* 19 Wis. 537. Thus it is stated by a standard text-writer that:

"A deed which has been surreptitiously and fraudulently obtained from the grantor without his knowledge or consent does not, even as against a subsequent purchaser without notice, transfer title. A deed purloined or stolen from the grantor, or the possession of which was fraudulently or wrongfully obtained from him without his knowledge, consent, or acquiescence, is no more effectual to pass title to the supposed grantee than if it were a total forgery, and an instrument of the latter kind had been spread upon the record." 1 Devlin, Deeds (2d ed.) § 267.

Among the cases cited in support of such propositions are *Gould v. Wise,* 97 Cal. 532, 32 Pac. 576, 33 Pac. 323; *Henry v. Carson,* 96 Ind. 412; *Fitzgerald v. Goff,* 99 Ind. 28; *Hut-*

*ton v. Smith*, 88 Iowa, 238, 55 N. W. 326; *Davis v. Davis*, 92 Iowa, 147, 60 N. W. 507; *Rhodes v. School Dist.* 30 Me. 110; *Brown v. Brown*, 66 Me. 316; *Stevens v. Castel*, 63 Mich. 111, 29 N. W. 828. See, also, *Curry v. Colburn*, 99 Wis. 319, 74 N. W. 778. We must hold that the complaint states a good cause of action, and that the demurrer *ore tenus* was improperly sustained.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

