John A. Lawson, Appellee, v. Grace V. Boo et al., Appellants.
No. 44774.

August 1, 1939.

Rehearing Denied November 17, 1939.

Stephens, Thornell & Millhone and Stipe, Davidson & Davidson, for appellee.

Ferguson & Ferguson, for appellant.

RICHARDS, J.— On January 19, 1938, plaintiff signed and acknowledged a warranty deed which purported to convey to 6 grantees, defendants herein, a quarter section of land in Page county, subject to a reservation in the premises of ''an absolute life interest'' during plaintiff's natural lifetime. On the same date plaintiff filed the deed for record in the office of the recorder of Page county, and it was duly recorded. A few days later the deed was handed over to plaintiff by the recorder. To set aside this deed the instant suit was commenced on February 24, 1938. As grounds for the relief sought plaintiff alleged that the deed was procured through fraud and undue influence, was without consideration, and was never delivered nor intended to be delivered. The cause was tried on the merits. In the decree that ensued the district court held that plaintiff had not proven fraud or undue influence. Reading the record, we are of like opinion. But upon the contention that there had been no delivery of the deed the trial court held with plaintiff, and entered a decree that the instrument be cancelled and annulled. Defendants, having appealed, urge there was an effective delivery. The salient features of the evidence bearing on that question appear to be the following:

Plaintiff's age was 73 years. No children had ever been born to him. Marrying in 1894 he became a widower in 1923. In 1925 he married Mary Elrick, a widow, who had 6 children then living, all adults. These children are the persons named as grantees in the deed. Mary Elrick died in 1937. Following plaintiff's marriage with her in 1925 the relations between him and her 6 children were cooperative and congenial. Their manner of associating and the frequent contacts between them were not unlike what is ordinarily observed between natural parents and children. In 1937 plaintiff voluntarily relinquished to the 6 children his distributive share in the estate of their mother.

This type of relationship between plaintiff and the children continued without interruption up to a time briefly subsequent to January 19, 1938. Nor from the record does it appear that even the instant suit has snuffed out all feeling of kindliness between these litigants. Plaintiff's health had become seriously impaired prior to the making of the deed. He was a sufferer from high blood pressure, inflammation of the heart muscle, and an interference with the blood supply through the coronary arteries to the heart. As severe attacks came on from time to time he had been under his physician's care. The date of one of these occurrences was January 10, 1938. Plaintiff's malady was such that he was convinced his demise in the near future was quite probable. He admits that that realization was one at least of the things that moved him to make the deed. In his testimony is a statement he did not think he would live over 12 hours when he signed the deed.

On January 19, 1938, plaintiff came from his farm to Clarinda with Grace Boo, now one of the defendant grantees, and with Victor Boo, her husband. After parking the car, plaintiff and Victor entered a nearby abstract office. There plaintiff directed the abstracter to draft the deed that is now before us. Pursuant to these directions, including a reserving of the life interest, the deed was drawn. It was then signed and duly acknowledged. Plaintiff was unable to read or write. He signed the deed by making his mark. But he heard the dictating of the deed to a stenographer and heard the deed read after it was drafted, and on the trial admitted that it was properly drawn, and in the manner he had directed. With the deed in plaintiff's possession he left the abstracter's office with Victor Boo. Plaintiff returned alone to the abstract office in a very few minutes, and according to his testimony asked the abstracter, "Ed, does this have to be recorded?", to which the abstracter answered "No". The abstracter's testimony is that plaintiff asked whether he (plaintiff) should or should not have the deed recorded, or that in substance, and that he, the abstracter, answered plaintiff that it was up to plaintiff solely. Plaintiff then departed, alone. Not long afterwards he and Grace Boo entered the office of the county recorder. Plaintiff was carrying the deed. He laid it down on the desk. Grace Boo picked it up, glanced at it, and laid it down. Then the recorder took

the deed to determine the recording fee, and after looking at the deed stated the amount would be 75 cents. Grace Boo paid the 75 cents to the recorder and the deed was accepted for recording. There is the further testimony of the county recorder that during these transactions in her office she asked Grace Boo whether she wanted the deed returned to her, whereupon plaintiff and Grace Boo looked at each other, and plaintiff said, "well, that will be alright," and she (Grace Boo) said, "why don't you take it and put it with the rest of the papers." The only contradiction of the recorder's testimony is plaintiff's statement as a witness that the recorder "said to me who is to have the deed, and I says, myself." On the evening of the same day, at his home on the quarter section described in the deed, plaintiff was host to Mrs. Boo and two other grantees, as well as to other persons, at an oyster supper, and informed those present concerning the deed he had made, and asked them whether they would take care of him in case of illness, to which they replied they would. On January 26, 1938, plaintiff married a third time, the bride being a lady plaintiff's acquaintance with whom had originated a month before the wedding. On the day following this marriage plaintiff repaired to the office of his attorneys to take steps to recover title to the quarter section.

 In endeavoring to find in the foregoing the solution of the question whether there was an effectual delivery, one that transferred the title, it may well be noted at the outset that plaintiff filed the deed for record. That fact distinguishes the case from Orris v. Whipple, 224 Iowa 1157, 280 N.W. 617, wherein there was no semblance of any delivering in the sense of passing the possession of the deed, either actually or symbolically. In the instant case the filing of the deed for record was a performance on part of plaintiff that is susceptible of being deemed an act of delivering such as was fatally lacking in the Orris case. For if the deed, after being signed and acknowledged by plaintiff, was placed on record by him with the intention of making the recording stand for a delivery, it is clear that the title would pass to the grantees, assuming there was acceptance by them of the title. Robinson v. Gould, 26 Iowa 89. In more recent cases it has been held that from the recording of a deed there follows a presumption that there was

an effective delivery. We have further held that this presumption can be overcome only by clear and satisfactory evidence. Tutt v. Smith, 201 Iowa 107, 204 N. W. 294, 48 A. L. R. 394; Burch v. Nicholson, 157 Iowa 502, 137 N. W. 1066. The filing for record having been plaintiff's own act, it seems clear that the presumption obtains in the instant case.

In a delivery that effects a transfer of title there is of course involved more than the passing of the instrument from grantor to grantee, actually and physically, or in some symbolical or substituted manner that the law approves. Existence in the instant case of the element of mutuality, involving the question of acceptance by the grantees, is not questioned by plaintiff, nor do we think it could be in view of the record. Another element of an effective delivery is an intent on part of the grantor to make the passing of the instrument a present transfer of the title. Kyle v. Kyle, 175 Iowa 734, 157 N. W. 248; Lathrop v. Knoop, 202 Iowa 621, 210 N. W. 764. In the case at bar plaintiff has attacked the presumption that arose from the recording by attempting to show that this element of intent did not exist. The query is whether, attacked from that quarter, the presumption has been overcome by evidence that is clear and satisfactory.

It would appear from the character of the evidence he offered that plaintiff placed his reliance on being able to establish that the filing of the deed for record, and the making of the deed as well, were not manifestations of any intent on his own part at all, being allegedly the acts of others whose undue influence and coercion controlled and compelled him. But the showing failed to sustain the contention, leaving imputed to plaintiff some intent or other that motivated him when he filed the deed for record. The competent evidence before us is almost barren of indicia that that intent was anything other than to transfer present title, subject to the life interest he retained. This is particularly true after eliminating as we must the testimony of the content of statements made by plaintiff to his attorneys on January 27, 1938. Proper objections were made and we are satisfied the evidence was incompetent. Jones v. Jones, 20 Iowa 388. The only conclusion the record warrants is that plaintiff has failed to overcome by clear and satisfactory evidence the presumption, from the recording of

the deed, that there was a delivery that transferred the title. In many respects the fact situation in the instant case is not comparable with that in Willshaw v. Luick, 195 Iowa 1402, 192 N. W. 273, cited by plaintiff, nor with that in Hutton v. Smith, 88 Iowa 238, 55 N. W. 326. Our conclusion renders it needless to discuss one of the grounds on which plaintiff sought relief, that is, an alleged want of consideration, except to say that want of consideration of itself would not warrant setting aside the deed.

"It was competent for the grantor to make a gift of his property. Want of consideration would be a good defense to an executory contract. But a deed is not such. It represents a contract executed, and a conveyance fully accomplished." Stauffer v. Milner, 207 Iowa 776, loc. cit. 784, 223 N. W. 686; Stonewall v. Danielson, 204 Iowa 1367, 217 N. W. 456. The decree should have been for the defendants. The decree of the trial court is reversed.—Reversed.

OLIVER, C. J., and SAGER, STIGER, MILLER, HAMILTON, HALE, and BLISS, JJ., concur.